IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAVID W. HARRIS | * |
| v. | * Civil No. JFM-00-3716 |
| DRUG ENFORCEMENT ADMINISTRATION | * |

\*\*\*\*\*

MEMORANDUM

On May 14, 1999, $1,121.00 in currency was seized from plaintiff by officers of the Maryland State Police. After a request for adoption was prepared and submitted to the Drug Enforcement Administration, the seizure was adopted by the DEA on June 4, 1999. Forfeiture proceedings against the property were then instituted.

The administrative proceedings resulted in the forfeiture of the $1,121.00 to the United States. Thereafter, plaintiff instituted this action against the United States Department of Justice and the Drug Enforcement Administration ("DEA") seeking release of the currency to him. After the DEA filed a motion to dismiss for lack of subject matter jurisdiction, plaintiff amended his claim for relief to request an order vacating the agency forfeiture order and directing the agency to reopen the administrative proceedings. Finding that the notice given by the DEA of the forfeiture proceedings complied with statutory and constitutional requirements, I will grant the DEA's motion to dismiss.

1.

According to a police report submitted by the DEA in support of its motion to dismiss, on May 14, 1999, plaintiff was stopped for a traffic violation. He was subsequently arrested for a rental agreement violation. A search incident to his arrest revealed a controlled dangerous

substance, a concealed weapon (said by plaintiff to be a "dirk" knife), and the $1,121.00. In his complaint (originally filed in the District Court of Maryland for Baltimore County and then removed to this court by the DEA), plaintiff alleges that he "proved" that the currency was the result of his cashing two paychecks.

II.

The Fourth Circuit has squarely held that "once the Government initiates forfeiture proceedings, the district court is divested of jurisdiction." The court remains without jurisdiction during the pendency of the proceeding unless the claimant, by timely filing a claim and cost bond or request to proceed in forma pauperis, triggers an obligation on the part of the Government to institute. Ibarra v. United States, 120 F.3d 472, 475-76 (4th Cir. 1997).

Once an administrative forfeiture proceeding has been completed, district courts retain jurisdiction only to "determine compliance with due process or procedural requirements." Ibarra, 120 F.3d at 475, n.4 (citing authorities). Here, plaintiff claims that he received inadequate notice of the administrative forfeiture proceeding.

The notice requirements in forfeiture cases are set forth in 19 U.S.C. §1607(a). That section requires publication of notice of the intention to forfeit seized items for "at least three successive weeks in such manner as the Secretary of the Treasury may direct" and the providing of "written notice . . . to each party who appears to have an interest in the seized article." In order to comply with due process requirements, a notice must be sent by mail to all persons whose names and addresses are "reasonably ascertainable." Mennonite Board of Missions v. Adams, 462 U.S. 791, 799 (1983); United States v. Borromeo, 945 F.2d 750, 752 (4th Cir. 1991).

In this case it is undisputed that the notice of the intent to forfeit was duly published. It is likewise undisputed that notice of the forfeiture proceedings was sent to plaintiff by certified

mail to the residential address he gave at the time of his arrest.

Plaintiff argues that he did not receive notice of the forfeiture proceedings because he was incarcerated when the notice was sent. Plaintiff was released after he was arrested on May 14, 1999. However, when the forfeiture notice was sent on July 21, 1999, plaintiff was in state custody and detained at the Baltimore County Detention Center on an unrelated charge.

Due Process is not satisfied if the DEA sends notice of a forfeiture proceeding to a prisoner's home address if the prisoner is in federal custody. See, e.g., United States v. Minor, 228 F.3d 352, 357-59 (4th Cir. 2000) ("Publication notice and notice to a person's residence while he is imprisoned are mere gestures." (internal citation omitted)). See also, Robinson v. Hanrahan, 409 U.S. 38 (1972) (per curiam) (Due process is not satisfied if a state sends notice of a forfeiture proceeding to the owner's home while the prisoner is in the custody of that state).

In this case, plaintiff was in state custody when the DEA sent notice about the forfeiture. Unlike the situation in Minor, the DEA did not have any reason to know that the plaintiff was in state custody on an unrelated charge. In determining adequate notice, the burden on the DEA of determining whether a property owner is in federal custody is not great. In contrast, the burden on the DEA of searching the public records of the states to determine if a property owner is in state custody would be more substantial. Unfortunate though the circumstances of this case may be, I am not satisfied that any such search is constitutionally required.

A separate order granting the DEA's motion is being entered herewith.

Date: March 29, 30, 2001

J. Frederick Motz
United States District Judge